1
2
3
4
5

SEYFARTH SHAW LLP
Jon Meer (SBN 144389)
E-mail: jmeer@seyfarth.com
Bethany A. Pelliconi (SBN 182920)
E-mail: bpelliconi@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

6
7

Attorneys for Defendant
PACTIV LLC

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12
13

MARK WILSON, individually, and on
behalf of other members of the general
public similarly situated,

14

Plaintiff,

15

v.

16
17
18

PACTIV LLC, a Delaware limited
liability company; and DOES 1 through
10, inclusive,

Defendants.

Case No.   5:20-cv-1691

**DECLARATION OF BETHANY
PELLICONI IN SUPPORT OF
DEFENDANT PACTIV LLC'S
NOTICE OF REMOVAL**

(San Bernardino Superior Court, Case
 No. CIV DS 2012450)

Complaint Filed:   May 29, 2020
Trial Date:          None Set

19
20
21
22
23
24
25
26
27
28

I, BETHANY PELLICONI, hereby declare and state as follows:

1. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently as to their accuracy.

2. I am an attorney licensed to practice before this Court and the courts of the State of California. I am a Senior Counsel in the Los Angeles office of the law firm of Seyfarth Shaw LLP, counsel for Defendant PACTIV LLC ("Defendant") in the above-captioned lawsuit. All of the pleadings in this lawsuit are maintained in our office in the ordinary course of business under my direction and control.

3. On **May 29, 2020**, Plaintiff MARK WILSON ("Plaintiff") filed an unverified Class Action Complaint in the Superior Court of the State of California, County of San Bernardino, entitled "MARK WILSON, individually, and on behalf of other members of the general public similarly situated, Plaintiff, vs. PACTIV LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, Defendants" designated Case No. CIV DS 2012450.

4. On **July 23, 2020**, Plaintiff served the Summons and Complaint, Civil Cover Sheet, Certificate of Assignment and Initial Case Management Order on Defendant's registered agent for service of process. True and correct copies of the Summons and Complaint, Civil Cover Sheet, Certificate of Assignment and Initial Case Management Order are attached hereto, respectively, as Exhibit A.

5. Exhibit A hereto constitutes all of the pleadings served on Defendant, or retrieved from the San Bernardino County Superior Court records prior to filing of this Notice of Removal. Defendant did not file any pleadings in the San Bernardino County Superior Court in this matter.

///
///
///
///
///

1

1    I declare under penalty of perjury under the laws of the State of California and the

2    United States of America that the foregoing is true and correct.

3    Executed this 21st day of August, 2020 at Los Angeles, California.

4

5

6                                    */s/ Bethany A. Pelliconi*
                                     Bethany A. Pelliconi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BETHANY PELLICONI ISO DEFENDANT'S NOTICE OF REMOVAL

65392925v.1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 9 2020

BY _____
DEILONZO BOARD, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACTIV LLC, a Delaware limited liability company; and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK WILSON, individually, and on behalf of other members of the
general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino County Superior Court, Justice Center Court
247 West Third St., San Bernardino, CA 92415-02120

CASE NUMBER:
*(Número del Caso):*
CIV DS **2 0 1 2 4 5 0**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon Brouillette(273156),Capstone Law APC,1875 Century Park E,Ste 1000,LA,CA 90067 (310)556-4811

DATE: MAY 2 9 2020
*(Fecha)*

Clerk, by **Deilonzo Board**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**COPY**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PACTIV LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Mark Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Brandon Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
Brooke Waldrop (SBN 314486)
Brooke.Waldrop@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Mark Wilson

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 9 2020

BY _____
DEILONZO BOARD, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

MARK WILSON, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

PACTIV LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No. **CIV DS 2 0 1 2 4 5 0**

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);
(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
(6) Violation of California Labor Code § 227.3 (Failure to Pay Vested Vacation Time and Paid Time Off Upon Termination);
(7) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(8) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
(9) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);
(10)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(11)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Mark Wilson, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2.      This Court has jurisdiction over Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper in this Court because Defendants employ persons in this county, and employed Plaintiff in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

## THE PARTIES

4.      Plaintiff Mark Wilson is a resident of San Bernardino, in San Bernardino County, California. Defendants employed Plaintiff as an hourly paid, non-exempt Lift Truck Operator from approximately August 2017 to March 2020. Plaintiff worked for Defendants at their location in San Bernardino, California. During his employment, Plaintiff typically worked eight (8) or more per day, and five (5) days per week. Plaintiff's primary job duties included, without limitation, operating a forklift to unload and load trailers, transporting and organizing product, and forming and packaging pallets.

5.      PACTIV LLC was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are

1  engaged throughout this county, the State of California, or the various states of the United

2  States of America.

3        6.      Plaintiff is unaware of the true names or capacities of the Defendants sued

4  herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

5  amend the complaint and serve such fictitiously named Defendants once their names and

6  capacities become known.

7        7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

8  were the partners, agents, owners, or managers of PACTIV LLC at all relevant times.

9        8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

10  acts and omissions alleged herein was performed by, or is attributable to, PACTIV LLC

11  and/or DOES 1 through 10 (collectively, "Defendants" or "PACTIV"), each acting as the

12  agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

13  other co-Defendants and was acting within the course and scope of such agency, employment,

14  joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts

15  of any and all Defendants were in accordance with, and represent, the official policy of

16  Defendants.

17        9.      At all relevant times, Defendants, and each of them, ratified each and every act

18  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

19  and abetted the acts and omissions of each and all the other Defendants in proximately causing

20  the damages herein alleged.

21        10.     Plaintiff is informed and believes, and thereon alleges, that each of said

22  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

23  omissions, occurrences, and transactions alleged herein.

24                          **GENERAL ALLEGATIONS**

25        11.     Defendants are the leading manufacturer and distributor of food and beverage

26  packaging and food service products in North America.  Defendants operate at least seven (7)

27  manufacturing plants in California.  Upon information and belief, Defendants maintain a

28  single, centralized Human Resources ("HR") department at their company headquarters in

1  Lake Forest, Illinois, which is responsible for the recruiting and hiring of new employees, and
2  communicating and implementing Defendants' company-wide policies, including timekeeping
3  policies and meal and rest period policies, to employees throughout California.

4       12.    In particular, Plaintiff and class members, on information and belief, received
5  the same standardized documents and/or written policies.  Upon information and belief, the
6  usage of standardized documents and/or written policies, including new-hire documents,
7  indicate that Defendants dictated policies at the corporate level and implemented them
8  company-wide, regardless of their employees' assigned locations or positions.  Upon
9  information and belief, Defendants set forth uniform policies and procedures in several
10  documents provided at an employee's time of hire, including, but not limited to, New Hire
11  Checklist, Pactiv Critical Safety Rules Policy, and Acknowledgment of Receipt of Employee
12  Handbook.

13       13.    Upon information and belief, Defendants maintain a centralized Payroll
14  department at their company headquarters in Lake Forest, Illinois, which processes payroll for
15  all non-exempt, hourly paid employees working for Defendants at their various locations and
16  jobsites in California, including Plaintiff and class members.  Based upon information and
17  belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid
18  employees in California, irrespective of their work locations.  Upon information and belief,
19  Defendants process payroll for departing employees in the same manner throughout the State
20  of California, regardless of the manner in which each employee's employment ends.

21       14.    Defendants continue to employ non-exempt or hourly paid employees in
22  California.

23       15.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
24  mentioned, Defendants were advised by skilled lawyers and other professionals, employees
25  and advisors knowledgeable about California labor and wage law, employment and personnel
26  practices, and about the requirements of California law.

27       16.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class
28  members were not paid for all hours worked because all hours worked were not recorded.

CLASS ACTION COMPLAINT

17.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

18.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay, that included as eligible income all remuneration required by law, including but not limited to, all income derived from shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of compensation.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

20.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

21.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff and class members were not authorized and permitted to take compliant rest periods, nor did Defendants provide Plaintiff and class members with payment of one (1) additional hour of

1 | pay at their regular rates of pay when they were not authorized and permitted to take a
2 | compliant rest period.

3 |     22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4 | should have known that Plaintiff and class members were entitled to receive complete and
5 | accurate wage statements in accordance with California law.  In violation of the California
6 | Labor Code, Plaintiff and class members were not provided complete and accurate wage
7 | statements.

8 |     23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
9 | should have known that they had a duty to maintain accurate and complete payroll records in
10 | accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly,
11 | and intentionally failed to do so.

12 |     24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
13 | should have known that Plaintiff and class members were entitled to payment of all vested
14 | vacation wages upon termination of employment.  In violation of the California Labor Code,
15 | Plaintiff and class members did not receive payment of all vested vacation wages due.

16 |     25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
17 | should have known that Plaintiff and class members were entitled to timely payment of all
18 | wages earned upon termination of employment.  In violation of the California Labor Code,
19 | Plaintiff and class members did not receive payment of all wages due, including, but not
20 | limited to, overtime wages, minimum wages, meal and rest period premiums, and all vested
21 | vacation wages, within permissible time periods.

22 |     26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
23 | should have known that Plaintiff and class members were entitled to timely payment of wages
24 | during their employment.  In violation of the California Labor Code, Plaintiff and class
25 | members did not receive payment of all wages, including, but not limited to, overtime wages,
26 | minimum wages, and/or meal and rest period premiums, within permissible time periods.

27 |     27.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
28 | mentioned, that Defendants knew or should have known that they had a duty to cover the costs

1 and expenses Plaintiff and class members incurred obtaining mandatory physical examinations

2 and/or drug tests, but willfully, knowingly, and intentionally failed to do so.

3   28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4 should have known that Plaintiff and class members were entitled to receive full

5 reimbursement for all business-related expenses and costs they incurred during the course and

6 scope of their employment and that they did not receive full reimbursement of applicable

7 business-related expenses and costs incurred.

8   29. Plaintiff is informed and believes, and thereon alleges, that at all times herein

9 mentioned, Defendants knew or should have known that they had a duty to provide Plaintiff

10 and class members with personal protective equipment to protect their life, safety, and health

11 in the workplace, but willfully, knowingly, and intentionally failed to do so

12   30. Plaintiff is informed and believes, and thereon alleges, that at all times herein

13 mentioned, Defendants knew or should have known that they had a duty to compensate

14 Plaintiff and class members for all hours worked, and that Defendants had the financial ability

15 to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

16 falsely represented to Plaintiff and class members that they were properly denied wages, all in

17 order to increase Defendants' profits.

18         **CLASS ACTION ALLEGATIONS**

19   31. Plaintiff brings this action on his own behalf, as well as on behalf of each and

20 all other persons similarly situated, and thus seeks class certification under California Code of

21 Civil Procedure section 382.

22   32. All claims alleged herein arise under California law for which Plaintiff seeks

23 relief authorized by California law.

24   33. Plaintiff's proposed class consists of and is defined as follows:

25     All persons who worked for Defendants as non-exempt, hourly

26     paid employees in California, within four years prior to the filing
      of the initial complaint until the date of trial ("Class").

27   34. Plaintiff's proposed subclass consists of and is defined as follows:

28     All persons who worked for Defendants as non-exempt, hourly

paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

35.     Members of the Class and Subclass are referred to herein as "class members."

36.     Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

37.     There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

       (a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

       (b)    Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff's and class members' overtime rate of pay was based;

       (c)    Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

       (d)    Whether Defendants failed to provide Plaintiff and class members with meal periods;

       (e)    Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

       (f)    Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

       (g)    Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

       (h)    Whether Defendants failed to pay Plaintiff and class members all vested vacation time as wages at their final rate in accordance with the terms

and conditions of Defendants' employment contract and/or policy;

(i) Whether Defendants failed to pay earned overtime wages, minimum wages, meal and rest period premiums, and all vested vacation wages due to Plaintiff and class members upon their discharge;

(j) Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and class members during their employment;

(k) Whether Defendants failed to pay Plaintiff and class members for the costs of mandatory physical examinations and/or drug testing;

(l) Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(m) Whether Defendants failed to provide Plaintiff and class members with personal protective equipment;

(n) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(o) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

38.     There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality:  Plaintiff is qualified to, and will, fairly and adequately

1  protect the interests of each class member with whom he has a well-

2  defined community of interest, and Plaintiff's claims (or defenses, if

3  any) are typical of all class members as demonstrated herein.

4  (c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately

5  protect the interests of each class member with whom he has a well-

6  defined community of interest and typicality of claims, as demonstrated

7  herein. Plaintiff acknowledges that he has an obligation to make known

8  to the Court any relationship, conflicts or differences with any class

9  member. Plaintiff's attorneys, the proposed class counsel, are versed in

10  the rules governing class action discovery, certification, and settlement.

11  Plaintiff has incurred, and throughout the duration of this action, will

12  continue to incur costs and attorneys' fees that have been, are, and will

13  be necessarily expended for the prosecution of this action for the

14  substantial benefit of each class member.

15  (d) Superiority: The nature of this action makes the use of class action

16  adjudication superior to other methods. A class action will achieve

17  economies of time, effort, and expense as compared with separate

18  lawsuits, and will avoid inconsistent outcomes because the same issues

19  can be adjudicated in the same manner and at the same time for the

20  entire class.

21  (e) Public Policy Considerations: Employers in the State of California

22  violate employment and labor laws every day. Current employees are

23  often afraid to assert their rights out of fear of direct or indirect

24  retaliation. Former employees are fearful of bringing actions because

25  they believe their former employers might damage their future

26  endeavors through negative references and/or other means. Class

27  actions provide the class members who are not named in the complaint

28  with a type of anonymity that allows for the vindication of their rights

CLASS ACTION COMPLAINT

while simultaneously protecting their privacy.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

39.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

40.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

41.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

42.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

43.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

44.     California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

CLASS ACTION COMPLAINT

seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

45.  During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

46.  During the relevant period, Defendants had, and continue to have, a company-wide policy and/or practice of discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts, resulting in a failure to account for all of the time Plaintiff and class members worked.  For example, Defendants pressured Plaintiff to clock in up to seven (7) minutes before the start of his scheduled shift and begin working, but, on information and belief, Defendants timekeeping system adjusted his clock-in time to his scheduled start time.  Thus, Defendants failed to track this time spent working before scheduled shifts, and Plaintiff and class members received no compensation for this time.

47.  Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing assigned duties that were not accounted for before their shifts, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

48.  Furthermore, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiff and class members shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.  However, in violation of the

1    California Labor Code, Defendants failed to incorporate all compensation, including but not

2    limited to, all incentive pay, nondiscretionary bonuses, and/or other forms of remuneration,

3    into the calculation of the regular rate of pay for purposes of calculating the overtime wage

4    rate.  Therefore, during times when Plaintiff and class members worked overtime and received

5    these other forms of pay, Defendants failed to pay all overtime wages by paying a lower

6    overtime rate than required.

7         49.    Specifically, Defendants paid Plaintiff and class members nondiscretionary

8    bonuses or incentive pay, including gift cards, for maintaining a safe work environment and

9    limiting the use of a facility's safety budget, identifying and reporting unsafe conditions in the

10   workplace, or for meeting certain productivity-related metrics.  On information and belief,

11   these nondiscretionary bonuses and/or incentive pay were listed on Plaintiff's and class

12   members' wage statements as "SAFETY INCENT," "NONCASH AWD," "AWARD," "GIFT

13   CARD," and "GAIN SHARING."  During pay periods that Plaintiff and class members were

14   paid overtime and double time wages, Defendants failed to incorporate the nondiscretionary

15   bonus and/or incentive pay into Plaintiff's and class members' regular rate of pay and, as a

16   result, paid them at incorrect and lower rates of pay for overtime hours worked.  Specifically,

17   Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5

18   times their regular rate of pay.  Defendants' failure to properly calculate the overtime and

19   double time rates of pay based on all remuneration paid has resulted in an underpayment of

20   overtime and double time wages to Plaintiff and class members on a company-wide basis.

21        50.    Defendants' failure to pay Plaintiff and class members the balance of overtime

22   compensation as required by California law, violates the provisions of California Labor Code

23   sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class

24   members are entitled to recover their unpaid overtime compensation, as well as interest, costs,

25   and attorneys' fees.

26   //

27   //

28   //

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

51.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in Wage Order No. 1 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11010(2)(G) (defining "Hours Worked").

53.    As set forth above, as a result of Defendants' policy discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts, Plaintiff and class members were required to perform work off-the-clock before their scheduled shift start times to complete assigned job duties.

54.    Defendants did not pay minimum wages for off-the-clock hours that Plaintiff and class members worked through that qualified for overtime premium payment.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

55.    Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

//

//

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period Violations

### (Against all Defendants)

56. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

57. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

58. At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

59. At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60. During the relevant time period, Defendants did not schedule second meal periods and had no policy for permitting Plaintiff and class members to take second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. For example, Plaintiff would work in excess of ten (10) hours per day, and was not provided his second meal period during these shifts. Plaintiff and class members did not sign valid meal period

1    waivers on days that they were entitled to meal periods and were not relieved of all duties.

2        61.    Moreover, Defendants engaged in a company-wide practice and/or policy of

3    not paying all meal period premiums owed when compliant meal periods are not provided.

4    Because of Defendants' practices and/or policies, Plaintiff and class members have not

5    received premium pay for all missed, late, and interrupted meal periods.  Alternatively, to the

6    extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and

7    interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct

8    rate of pay for premium wages because Defendants systematically failed to include all forms

9    of compensation, such as shift differential pay, incentive pay, nondiscretionary bonuses,

10   and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants failed

11   to provide Plaintiff and class members compliant meal periods in violation of California Labor

12   Code sections 226.7, 512, and 516 and failed to pay the full meal period premiums due.

13       62.    Defendants' conduct violates the applicable IWC Wage Order, and California

14   Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore

15   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

16   rate of compensation for each work day that the meal period was not provided.

17                          **FOURTH CAUSE OF ACTION**

18   **Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

19                             **(Against all Defendants)**

20       63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

21   and every allegation set forth above.

22       64.    At all relevant times herein set forth, the applicable IWC Wage Order and

23   California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff and class

24   members' employment by Defendants.

25       65.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

26   employer shall authorize and permit all employees to take rest periods, which insofar as

27   practicable shall be in the middle of each work period" and that the "rest period time shall be

28   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

66.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

67.    During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  Defendants had a company-wide policy and/or practice of failing to authorize Plaintiff and class members to take third rest periods when they worked in excess of ten (10) hours in one day.

68.    Furthermore, during the relevant time period, Defendants maintained a company-wide on-premises rest period policy, which mandated that Plaintiff and class members remain on Defendants' premises during their rest periods.  For example, Defendants verbally told Plaintiff during his new-hire orientation that he could not leave Defendants' premises during his rest periods.  Because Plaintiff and class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes.  Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods.

69.    As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without

1    receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example,

2    throughout his employment, Plaintiff did not receive a third rest period when working in

3    excess of ten (10) hours.

4        70.    Defendants have also engaged in a systematic, company-wide practice and/or

5    policy of not paying rest period premiums owed when rest periods are not authorized and

6    permitted.  Alternatively, to the extent that Defendants did pay Plaintiff and class members

7    one (1) additional hour of premium pay for missed rest periods, Defendants did not pay

8    Plaintiff and class members at the correct rate of pay for premium wages because Defendants

9    failed to include all forms of compensation, such as shift differential pay, incentive pay,

10   nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a

11   result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest

12   period premium wages due, in violation of Labor Code section 226.7 and the applicable IWC

13   Wage Order.

14       71.    Defendants' conduct violates the applicable IWC Wage Order and California

15   Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled

16   to recover from Defendants one (1) additional hour of pay at the employee's regular rate of

17   compensation for each work day that a compliant rest period was not authorized and

18   permitted.

19                              **FIFTH CAUSE OF ACTION**

20   **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

21                  **Statements and Failure to Maintain Accurate Payroll Records**

22                              **(Against all Defendants)**

23       72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

24   and every allegation set forth above.

25       73.    At all relevant times herein set forth, California Labor Code section 226(a)

26   provides that every employer shall furnish each of his or her employees an accurate and

27   complete itemized wage statement in writing, including, but not limited to, the name and

28   address of the legal entity that is the employer, the inclusive dates of the pay period, total

1    hours worked, and all applicable rates of pay.

2        74.    At all relevant times, Defendants have knowingly and intentionally provided

3    Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements.

4    For example, Defendants issued uniform wage statements to Plaintiff and Subclass members

5    that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all

6    applicable hourly rates in effect during the pay period, including overtime rates of pay, and

7    the corresponding number of hours worked at each hourly rate.  Specifically, Defendants

8    violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

9        75.    Because Defendants did not accurately record the time Plaintiff and Subclass

10   members spent working off the clock, Defendants did not list the correct amount of gross

11   wages and net wages earned by Plaintiff and Subclass members in compliance with section

12   226(a)(1) and 226(a)(5).  For the same reason, Defendants failed to accurately list the total

13   number of hours worked by Plaintiff and Subclass members in violation of section 226(a)(2),

14   and failed to list the applicable hourly rates of pay in effect during the pay period and

15   corresponding accurate number of work hours worked at each hourly rate in violation of

16   section 226(a)(9).

17       76.    The wage statement deficiencies also include, without limitation, failing to list

18   the number of piece-rate units earned and any applicable piece rate if the employee is paid on

19   a piece-rate basis; failing to list all deductions; failing to list the name of the employee and

20   only the last four digits of his or her social security number or an employee identification

21   number other than a social security number; failing to list the name and address of the legal

22   entity that is the employer; failing to list the inclusive dates of the period for which class

23   members were paid; and/or failing to state all hours worked as a result of not recording or

24   stating hours worked off-the-clock.

25       77.    California Labor Code section 1198 provides that the maximum hours of work

26   and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

27   set forth in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he

28   employment of any employees for longer hours than those fixed by the order or under

conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants failed, on a company-wide basis, to keep accurate records of work period and meal period start and stop times for Plaintiff and class members, in violation of section 1198.

78.     California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . . . ." At all relevant times, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

79.     Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SIXTH CAUSE OF ACTION

**Violation of California Labor Code § 227.3—Failure to Pay All Vested Vacation Time and Paid Time Off Upon Termination**

**(Against all Defendants)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     At all relevant times herein set forth, California Labor Code section 227.3 provides that whenever a contract of employment or employer policy provides for paid

vacations, and an employee is terminated without having taken his or her vested vacation time, all vested vacation shall be paid to him or her as wages at his or her final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

82.     During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all vested vacation wages that were owed to them at the end of their employment. For example, upon information and belief, Defendants paid Plaintiff only eight (8) hours of his total 48 hours of unused vested vacation wages due.

83.     Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of California Labor Code section 227.3. Accordingly, Plaintiff and class members are entitled to recover from Defendants their unpaid vested vacation wages due to them, plus interest.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid

### Upon Termination

### (Against all Defendants)

84.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

85.     This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premium wages that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

86.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87. Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and/or all vested vacation wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

88. Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment

### (Against all Defendants)

89. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

90. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premium wages, that were not timely paid to Plaintiff and those class members.

91. At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

92. At all times relevant herein, Labor Code section 204 provides that all wages

1   earned by any person in any employment between the sixteenth (16th) and the last day,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the first (1st) and the tenth (10th) day of the following

4   month.

5          93.    At all times relevant herein, Labor Code section 204 provides that all wages

6   earned for labor in excess of the normal work period shall be paid no later than the payday for

7   the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section

8   204 provides that the requirements of this section are deemed satisfied by the payment of

9   wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than

10  seven (7) calendar days following the close of the payroll period.

11         94.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

12  class members all wages due including, but not limited to, overtime wages, minimum wages,

13  and meal and rest period premium wages, within the time periods specified by California

14  Labor Code section 204.

15         95.    Defendants' failure to pay Plaintiff and class members all wages due violates

16  Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from

17  Defendants the statutory penalty wages pursuant to California Labor Code section 210.

18                          **NINTH CAUSE OF ACTION**

19   **Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

20                          **(Against all Defendants)**

21         96.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

22  and every allegation set forth above.

23         97.    At all times herein set forth, California Labor Code section 2802 provides that

24  an employer must reimburse employees for all necessary expenditures and losses incurred by

25  the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

26  to prevent employers from passing off their cost of doing business and operating expenses on

27  to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

28  (2014).  The applicable wage order, IWC Wage Order 1-2001, provides that: "[w]hen tools or

equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

98.    First, during the relevant time period, Defendants, on a company-wide basis, mandated that Plaintiff and class members purchase special safety shoes such as steel-toed boots, which they were required to wear while at work. Plaintiff and class members purchased steel-toed boots to wear inside Defendants' facilities, but were not reimbursed fully for these costs.

99.    Second, Defendants had a company-wide policy of requiring Plaintiff and class members to travel in their own personal vehicles to obtain mandatory drug testing and/or physical examinations, but did not reimburse them for their travel expenses, including mileage. For example, Plaintiff followed Defendants' instructions, traveled 6-8 miles roundtrip in his personal vehicle, and underwent Defendants' drug testing, but was not reimbursed for his mileage to and from the medical facility. Although Defendants required Plaintiff and class members to undergo drug testing, Defendants never reimbursed them for all of their travel expenses.

100.    Defendants could have provided Plaintiff and class members with the actual tools for use on the job, such as steel-toed boots or company vehicles, or Defendants could have fully reimbursed employees for the costs of steel-toed boots, travel expenses, and mileage. Instead, Defendants passed these operating costs off onto Plaintiff and class members. At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

101.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802. Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members for necessary business-related expenses and costs.

102. Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

103. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

104. Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

105. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

106. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

107. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

        (a) Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order, and paying Plaintiff and class members overtime at a lower rate than required by law by failing to

Page 24

CLASS ACTION COMPLAINT

properly calculate the regular rate of pay for purposes of overtime, as alleged herein;

(b)   Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order, as alleged herein;

(c)   Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, 1198, and the applicable IWC Order, as alleged herein;

(d)   Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, 1198, and the applicable IWC Order, as alleged herein;

(e)   Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged herein;

(f)   Failing to pay all vested vacation wages to Plaintiff and class members in violation of California Labor Code 227.3, as alleged herein;

(g)   Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as alleged herein;

(h)   Failing to pay Plaintiff and class members the costs of mandatory physical examinations and/or drug testing in violation of California Labor Code section 222.5, as set forth below;

(i)   Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code sections 2802, as alleged herein; and

(j)   Failing to provide Plaintiff and class members with personal protective equipment in violation of California Labor Code sections 6401 and

CLASS ACTION COMPLAINT

1    6403, as set forth below.

2    108. At all relevant times herein, California Labor Code section 222.5 requires

3    employers to pay for the costs an employee incurs for obtaining any medical or physical

4    examination taken.

5    109. At all times relevant herein, Defendants implemented, on a company-wide

6    basis, an employer-imposed requirement that Plaintiff and class members undergo a

7    mandatory physical examination and/or drug test, upon hiring, but required them to do so at

8    their own expense. As stated, Defendants had a company-wide policy requiring that all

9    employees, including Plaintiff and class members, travel to a specified medical facility using

10   their own personal vehicles to undergo physical examinations and/or drug testing. At all

11   times, Defendants were in control of scheduling the date and time for the examination and/or

12   testing, selecting the provider/facility where the examination and/or testing was to take place,

13   and determining the scope of the examination and/or testing.

14   110. During the relevant time period, Plaintiff was instructed by Defendants to travel

15   to a medical facility and obtain a drug test. Plaintiff followed Defendants' instructions,

16   traveled to the facility Defendants selected, and underwent the testing. Plaintiff was required

17   to travel approximately 6-8 miles roundtrip to and from a medical facility selected by

18   Defendants using his own vehicle.

19   111. However, Defendants did not reimburse Plaintiff and class members for the

20   travel expenses they incurred getting to and from the medical facilities. Defendants' policy

21   and/or not paying for all costs Plaintiff and class members incurred obtaining mandatory

22   physical examinations and/or drug testing is in violation of California Labor Code section

23   222.5.

24   112. At all relevant times herein, California Labor Code section 6401 provides that

25   employers must furnish and use safety devices and safeguards, and adopt and use practices,

26   means, methods, operations, and processes which are reasonably adequate to render the

27   employment and place of employment safe and healthy. California Labor Code Section 6401

28   further provides that an employer must do everything reasonably necessary to protect the life,

safety and health of its employees. California Labor Code section 6403(a) requires that employers provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe.

113. Defendants, on a company-wide basis, failed to provide Plaintiff and class members with personal protective equipment, such as steel-toed boots, to keep them safe in the workplace. Despite the fact that Defendants required employees to wear certain personal protective equipment, including steel-toed boots, Defendants failed to provide such reasonably necessary equipment to Plaintiff and class members to keep them safe. Thus, Defendants' failure to provide Plaintiff and class members with basic personal protective equipment for the workplace violates Labor Code sections 6401 and 6403.

114. As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

115. Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq. –

### Unfair Business Practices

### (Against all Defendants)

116. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

117. Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

1 | and/or associations.

2 |     118.  Defendants' conduct, as alleged herein, has been, and continues to be, unfair,
3 | and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered
4 | injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff
5 | seeks to enforce important rights affecting the public interest within the meaning of Code of
6 | Civil Procedure section 1021.5.

7 |     119.  Defendants' activities, namely Defendants' company-wide practice and/or
8 | policy of not paying Plaintiff and class members all meal and rest period premium wages due
9 | to them under Labor Code section 226.7, deprived Plaintiff and class members of the
10 | compensation guarantee and enhanced enforcement implemented by section 226.7.  The
11 | statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to
12 | compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior*
13 | *Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were
14 | guaranteed to Plaintiff and class members as part of their employment with Defendants, and
15 | thus Defendants' practice and/or policy of denying these statutory benefits constitutes an
16 | unfair business practice in violation of California Business & Professions Code sections
17 | 17200, *et seq.* (Id.)

18 |     120.  A violation of California Business & Professions Code sections 17200, *et seq.*
19 | may be predicated on any unfair business practice.  In the instant case, Defendants' policies
20 | and practices have violated the spirit of California's meal and rest break laws and constitute
21 | acts against the public policy behind these laws.

22 |     121.  Pursuant to California Business & Professions Code sections 17200 *et seq.*,
23 | Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory
24 | benefits implemented by section 226.7 withheld and retained by Defendants during a period
25 | that commences four years prior to the filing of this complaint; a permanent injunction
26 | requiring Defendants to pay all statutory benefits implemented by section 226.7 due to
27 | Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil
28 | Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

**Class Certification**

2.    That this case be certified as a class action;

3.    That Plaintiff be appointed as the representative of the Class and Subclass;

4.    That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiff and class members;

1        11.    For general unpaid wages and such general and special damages as may be

2   appropriate;

3        12.    For pre-judgment interest on any unpaid compensation from the date such

4   amounts were due, or as otherwise provided by law;

5        13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

6   California Labor Code section 1194(a);

7        14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

8        15.    For such other and further relief as the Court may deem equitable and

9   appropriate.

10                      **As to the Third Cause of Action**

11        16.    That the Court declare, adjudge, and decree that Defendants violated California

12   Labor Code sections 226.7, 512(a), 516, and 1198 and applicable IWC Wage Order(s) by

13   willfully failing to provide all meal periods to Plaintiff and class members;

14        17.    That the Court make an award to the Plaintiff and class members of one (1)

15   hour of pay at each employee's regular rate of pay for each workday that a meal period was

16   not provided;

17        18.    For all actual, consequential, and incidental losses and damages, according to

18   proof;

19        19.    For premiums pursuant to California Labor Code section 226.7(b);

20        20.    For pre-judgment interest on any unpaid meal period premiums from the date

21   such amounts were due, or as otherwise provided by law;

22        21.    For attorneys' fees pursuant to California Code of Civil Procedure section

23   1021.5, or as otherwise provided by law; and

24        22.    For such other and further relief as the Court may deem equitable and

25   appropriate.

26                    **As to the Fourth Cause of Action**

27        23.    That the Court declare, adjudge and decree that Defendants violated California

28   Labor Code sections 226.7, 516, and 1198 and applicable IWC Wage Orders by willfully

1    failing to authorize and permit Plaintiff and class members to take all rest periods;

2        24.    That the Court make an award to the Plaintiff and class members of one (1) hour

3    of pay at each employee's regular rate of pay for each workday that a rest period was not

4    authorized and permitted;

5        25.    For all actual, consequential, and incidental losses and damages, according to

6    proof;

7        26.    For premiums pursuant to California Labor Code section 226.7(b);

8        27.    For pre-judgment interest on any unpaid rest period premiums from the date

9    such amounts were due, or as otherwise provided by law;

10       28.    For attorneys' fees pursuant to California Code of Civil Procedure section

11   1021.5, or as otherwise provided by law; and

12       29.    For such other and further relief as the Court may deem equitable and

13   appropriate.

14                            **As to the Fifth Cause of Action**

15       30.    That the Court declare, adjudge and decree that Defendants violated the

16   recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

17   Orders as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized

18   wage statements thereto;

19       31.    For all actual, consequential, and incidental losses and damages, according to

20   proof;

21       32.    For injunctive relief pursuant to California Labor Code section 226(h);

22       33.    For statutory penalties pursuant to California Labor Code section 226(e);

23       34.    For attorneys' fees and costs pursuant to California Labor Code section

24   226(e)(1); and

25       35.    For such other and further relief as the Court may deem equitable and

26   appropriate.

27                            **As to the Sixth Cause of Action**

28       36.    That the Court declare, adjudge and decree that Defendants violated California

CLASS ACTION COMPLAINT

1    Labor Code section 227.3 by willfully failing to pay vested vacation wages owed at the time

2    of termination of the employment of Plaintiff and other terminated class members;

3        37.    For all actual, consequential and incidental losses and damages, according to

4    proofs;

5        38.    For prejudgment interest on any unpaid wages from the date of such amounts

6    were due, or as otherwise provided by law

7        39.    For attorneys' fees pursuant to California Code of Civil Procedure section

8    1021.5, or as otherwise provided by law; and

9        40.    For such other and further relief as the Court may deem equitable and

10   appropriate.

11                    **As to the Seventh Cause of Action**

12       41.    That the Court declare, adjudge and decree that Defendants violated California

13   Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages,

14   meal and rest period premiums, and/or all vested vacation wages owed at the time of

15   termination of the employment of Plaintiff and other terminated class members;

16       42.    For all actual, consequential and incidental losses and damages, according to

17   proof;

18       43.    For waiting time penalties according to proof pursuant to California Labor

19   Code section 203 for all employees who have left Defendants' employ;

20       44.    For pre-judgment interest on any unpaid wages from the date such amounts

21   were due, or as otherwise provided by law;

22       45.    For attorneys' fees pursuant to California Code of Civil Procedure section

23   1021.5, or as otherwise provided by law; and

24       46.    For such other and further relief as the Court may deem equitable and

25   appropriate.

26                    **As to the Eighth Cause of Action**

27       47.    That the Court declare, adjudge and decree that Defendants violated California

28   Labor Code section 204 by willfully failing to timely pay Plaintiff and class members

1    overtime wages, minimum wages, and/or meal and rest period premiums during their

2    employment;

3         48.    For all actual, consequential and incidental losses and damages, according to

4    proof;

5         49.    For statutory penalties according to proof pursuant to California Labor Code

6    section 210;

7         50.    For pre-judgment interest on any unpaid wages from the date such amounts

8    were due, or as otherwise provided by law;

9         51.    For attorneys' fees pursuant to California Code of Civil Procedure section

10   1021.5, or as otherwise provided by law; and

11        52.    For such other and further relief as the Court may deem equitable and

12   appropriate.

13                          **As to the Ninth Cause of Action**

14        53.    That the Court declare, adjudge and decree that Defendants violated California

15   Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

16   related expenses and costs incurred by Plaintiff and class members;

17        54.    For unpaid business-related expenses and such general and special damages as

18   may be appropriate;

19        55.    For pre-judgment interest on any unpaid business-related expenses from the

20   date such amounts were due, or as otherwise provided by law;

21        56.    For all actual, consequential, and incidental losses and damages, according to

22   proof;

23        57.    For attorneys' fees and costs pursuant to California Labor Code

24   section 2802(c), or as otherwise provided by law; and

25        58.    For such other and further relief as the Court may deem equitable and

26   appropriate.

27                          **As to the Tenth Cause of Action**

28        59.    That the Court declare, adjudge and decree that Defendants' conduct of failing

CLASS ACTION COMPLAINT

to provide Plaintiff and class members all overtime wages due to them, failing to provide

Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and

class members all meal periods, failing to authorize and permit Plaintiff and class members to

take all rest periods, failing to provide Plaintiff and class members accurate and complete

wage statements, failing to maintain accurate payroll records for Plaintiff and class members,

failing to pay all vested vacation wages, failing timely to pay Plaintiff and class members all

earned wages during employment, failing to reimburse Plaintiff and class members for the

costs of mandatory drug testing and/or physical examinations, failing to reimburse Plaintiff

and class members for business-related expenses, and failing to provide Plaintiff and class

members with personal protective equipment, constitutes an unlawful business practice in

violation of California Business and Professions Code sections 17200, *et seq.*;

60.     For restitution of unpaid wages to Plaintiff and all class members and

prejudgment interest from the day such amounts were due and payable;

61.     For the appointment of a receiver to receive, manage and distribute any and all

funds disgorged from Defendants and determined to have been wrongfully acquired by

Defendants as a result of violations of California Business & Professions Code sections 17200

*et seq.*;

62.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

California Code of Civil Procedure section 1021.5; and

63.     For such other and further relief as the Court may deem equitable and

appropriate.

### As to the Eleventh Cause of Action

64.     That the Court declare, adjudge and decree that Defendants' conduct of denying

Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes

an unfair business practice in violation of California Business and Professions Code sections

17200, *et seq.*;

65.     For restitution of the statutory benefits under section 226.7 unfairly withheld

from Plaintiff and class members and prejudgment interest from the day such amounts were

1 | due and payable;

2 |     66.    For the appointment of a receiver to receive, manage and distribute any and all

3 | funds disgorged from Defendants and determined to have been wrongfully acquired by

4 | Defendants as a result of violations of California Business & Professions Code sections 17200

5 | *et seq.*;

6 |     67.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

7 | California Code of Civil Procedure section 1021.5;

8 |     68.    For pre-judgment and post-judgment interest as provided by law; and

9 |     69.    For such other and further relief as the Court may deem equitable and

10 | appropriate.

11 |

12 | Dated: May 26, 2020             Respectfully submitted,

13 |                     Capstone Law APC

14 |

15 |             By: _____

16 |                     Mark Ozzello
                    Brandon Brouillette

17 |                     Brooke Waldrop

18 |                     Attorneys for Plaintiff Mark Wilson

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brandon Brouillette (SBN 273156); Mark Ozzello (SBN 116595)<br>Capstone Law APC          Brooke W. Waldrop (SBN 314486)<br>1875 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 556-4811    FAX NO.: (310) 943-0396<br>ATTORNEY FOR *(Name):* Plaintiff Mark Wilson | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAY 29 2020<br><br>BY _____<br>DEILONZO BOARD, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third St., San Bernardino, CA 92415-0210
MAILING ADDRESS: 247 West Third St., San Bernardino, CA 92415-0210
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
MARK WILSON vs. PACTIV LLC

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV DS 2 0 1 2 4 5 0<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence               f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  Eleven (11)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: May 26, 2020
Brandon Brouillette                                          ▶ _____
_____                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

MARK WILSON

CASE NO.: CIV DS 2 0 1 2 4 5 0

vs.

**CERTIFICATE OF ASSIGNMENT**

PACTIV LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District - Civil Division   District of the Superior Court under Rule 404 of this court for the
checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other  Employment | Cause of action arose within district |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| PACTIV LLC | | 786A East Central Avenue | |
|---|---|---|---|
| NAME -- INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| San Bernardino | CA | | 92408 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on May 26, 2020 _____ at Los Angeles _____, California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUL 15 2020**

BY _Alfie Cervantes_
ALFIE CERVANTES, DEPUTY

1    Superior Court of California
     County of San Bernardino
2    247 W. Third Street, Dept. S-26
     San Bernardino, CA  92415-0210

3

4

5

6

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

10

11   MARK WILSON                  )    Case No.: CIVDS 2012450
                                  )
12                                )
                                  )
13               vs.              )
                                  )
14                                )
                                  )
15                                )    **INITIAL CASE MANAGEMENT**
     PACTIV LLC                   )    **CONFERENCE ORDER**
16                                )
                                  )
17                                )
                                  )
18                                )
                                  )
19                                )
                                  )
20                                )
                                  )
21

22        This case is assigned for all purposes to Judge David Cohn in the Complex

23   Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247

24   West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

25   Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court

26   Attendant).

27

28

                              **-1-**

### The Initial Case Management Conference

An initial Case Management Conference (CMC) is scheduled for OCT 0 2 2020 at 9:00 a.m. Due to the social distancing requirements imposed by the COVID-19 pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via CourtCall. Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the appearance through CourtCall. Until further order of the Court, in-person attendance at CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC. If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances. Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

### Stay of the Proceedings

Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list. The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged. Until the Pandemic restrictions are lifted, please use CourtCall whenever possible.

Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint.  The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case.  This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

### Service of this Order

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order. If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.

### Agenda for the Initial Case Management Conference

Counsel for all parties are ordered to meet and confer in person no later than ten days before the initial CMC to discuss the subjects listed below.  Counsel must be fully prepared to discuss these subjects with the court:

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

-3-

3.  Appropriate mechanisms for Alternative Dispute Resolution;

4.  A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5.  A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6.  Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7.  Any issues involving the protection of evidence and confidentiality;

8.  The use and selection of an electronic service provider;

9.  The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

**The Joint Report**

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1.  Whether the case should or should not be treated as complex;

2.  Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3.  A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

-4-

4. Whether the court should issue an order requiring electronic service.  Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case.  The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations).  With respect to the discovery of electronically stored information (ESI ), the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

-5-

b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d. The format in which ESI will be produced;

e. Appropriate search criteria for focused requests.

f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a. The next CMC;

b. A schedule for any contemplated ADR;

c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any

approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference or hearing date.

## Informal Discovery Conferences

Motions concerning discovery cannot be filed without first requesting an informal discovery conference (IDC) with the court. Making a request for an IDC automatically stays the deadline for filing any such motion. IDCs are conducted remotely, via the BlueJeans Video Conferencing program. Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone. If the device being used does not have camera capability, the BlueJeans application offers an audio-only option. Video appearance at the IDC, however, is encouraged. The Court will provide a link to join the conference at the appointed time. Please provide Department S-26's Judicial Assistant ((909) 521-3519) or Court Attendant ((909) 708-8866) with an e-mail address. No briefing is required for the IDC, but counsel should each lodge (not file) a one page statement of the issues in dispute in Department S-26 before the IDC.

Dated: _____7/15_____, 2020.

DAVID COHN
_____
David Cohn,
Judge of the Superior Court

-7-